Brad Denton, #016454
Brad@GundersonDenton.com
Sterling Peterson, #020628
Sterling@GundersonDenton.com
**GUNDERSON, DENTON & PETERSON, P.C.**
ATTORNEYS & COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 201
MESA, ARIZONA 85213
TELEPHONE: (480) 655-7440
FACSIMILE: (480) 655-7099
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN MLYNAREK, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MINT HOMES, LLC; DARRYN LANE and JANE DOE LANE, husband and wife; TROY LANE and JANE DOE LANE, husband and wife; JACK LANE and JANE DOE LANE, husband and wife; JOHN DOES I-X; JANE DOES I-X; XYZ Corporation I-V; and ABC Entities I-V, a corporation or other legal entities;<br><br>Defendants. | No. CV _____<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMAND**<br><br>(Assigned to _____) |

Plaintiff John Mlynarek ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, for his cause of action against Defendants Mint Homes, LLC, Darryn Lane, Troy Lane, and Jack Lane ("Defendants"), states as follows:

## PARTIES, JURISDICTION AND VENUE

1

1.   All acts, agreements and contracts hereinafter alleged were negotiated, completed and agreed to in the county of Maricopa, in the state of Arizona.

2.   All of the named Defendants herein, whether identified or designated as John Doe or Jane Doe, are intended to represent individuals acting either in their individual capacities, or as agents, representatives, directors, shareholders, or employees duly authorized and acting within their employment with regards to the transactions hereinafter alleged. Where applicable, each of the named individual Defendants alleged herein was acting for and on behalf of the marital communities composed of themselves and their spouse, and the designations John Doe and Jane Doe as used herein are used for the purposes of identifying the unknown spouses of the named Defendants. Leave of Court is requested to substitute the true names as they are learned.

3.   All acts herein alleged to have been done by the individually named companies, corporations, partnerships and other business entities named herein were done by their duly authorized agents, directors, shareholders or employees acting within the scope of their employment or agency, and all acts herein alleged were agreed to and ratified by the individually named companies, corporations, partnerships and other business entities alleged herein. Each of the individually named companies, corporations, partnerships and other business entities alleged herein, whether identified or not, were in fact doing business in Maricopa County, Arizona, and caused events to occur and entered into contracts and agreements in the state of Arizona with the named Plaintiff. In the event that the type of business organization or the location of the headquarters or authorizing governmental unit of the corporation is unknown, such information will be supplied as it is learned by Plaintiff.

4. In the event that the individually named companies, corporations, partnerships and other business entities alleged herein were not duly authorized and legally constituted business entities, all actions taken on behalf of said organizations were done for and on behalf of the principals of said organizations, which principals are either identified herein or designated John and Jane Does I-X and which corporations or companies, if unknown at this time, are designated Entities I-V.  Leave is requested of the Court to add individually named companies, corporations, partnerships and other business entities and additional named Defendants as they are learned.

5. The acts, omissions, representations, understandings, agreements, and contracts hereinafter alleged were either done by, agreed to or ratified by all Defendants herein, whether named or unnamed, and all Defendants benefited either directly or indirectly from the acts, omissions, representations, understandings, agreements and contracts hereinafter alleged. As a result of the benefit derived and the agreement to or ratification of the acts, omissions, representations, understandings, agreements and contracts, Defendants are jointly and severally liable to Plaintiff for the acts, omissions, representations, understandings, agreements, and contracts alleged herein.

6. Although the named and unnamed individual Defendants and business entities were physically located in various locations, some of which may have been outside of the state of Arizona, each and every named and unnamed Defendant and business entity caused actions to occur within the state of Arizona sufficient to confer upon the courts of the state of Arizona jurisdiction over the persons and business entities herein alleged.

7. Plaintiff is a resident of Maricopa County, Arizona.

8. Defendants John Does I-X; Jane Does I-X; XYZ Corporation I-V; and ABC Entities I-V ("Defendants") are individuals and entities with potential liability in this case. Plaintiff reserves the right to amend this Complaint to name these parties individually once their true identities are determined.

9. Jurisdiction and venue are appropriate in this Court.

10. Under the FLSA, Defendants Darryn Lane, Troy Lane, and Jack Lane are employers.

11. Defendants Darryn Lane, Troy Lane, and Jack Lane were at all times persons responsible for determining the method and rate of Plaintiff's payment of wages.

12. Darryn Lane, Troy Lane, and Jack Lane were persons who acted in the interest of Mint Homes in relation to the company's employees.

13. Darryn Lane, Troy Lane, and Jack Lane were employers as that term is defined in the FLSA.

14. At all relevant times, Plaintiff was an "employee" of Defendants as defined by 29 U.S.C. § 203(e)(1).

15. The provisions set forth in 29 U.S.C. § 206 of the FLSA apply to Defendants, all similarly situated present and past employees are or were covered by this section of the FLSA during their employment by Defendants.

16. At all relevant times, Defendants were "employers" as defined in 29 U.S.C. §203(d).

4

17. At all relevant times, Defendants have been engaged in interstate commerce and have been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

18. The additional persons who may become plaintiffs in this action worked for Defendants, held positions similar to Plaintiff, were misclassified as independent contractors, and did not receive minimum wage pay during one or more work weeks during the relevant time periods.

19. As required by 29 U.S.C. § 216(b), Plaintiff John Mlynarek will file a Consent to Become a Party Plaintiff.

## GENERAL ALLEGATIONS

20. Defendant is a new home builder.

21. In 2011, Plaintiff began working for Mint Homes, LLC, until he was terminated on September 4, 2012.

22. In December 2011, Defendants agreed to pay Plaintiff .75% on all co-broker deals and 1.00% on all non co-broker deals sold and closed in the *Encore at Higley* development.

23. In February 2012, Defendants agreed to pay Plaintiff starting March 1, 2012, .90% on all co-broker deals and 1.00% of all non co-broker deals sold and closed in the *Encore at Higley* development.

24. In February 2012, Defendants agreed to pay Plaintiff 1.25% on all co-broker deals and 1.50% of all non co-broker deals sold and closed in the *Crismon Heights* development.

25. On June 1, 2012, Defendants agreed to pay Plaintiff starting June 1, 2012, 1.10% on all co-broker deals and 1.35% on all non co-broker deals in the *Crismon Heights* development.

26. Beginning June 2012 until Plaintiff's termination, Defendants failed to pay Plaintiff per the agreed upon payment structure for eight sales at *Encore at Higley* and two sales at *Crismon Heights*.

27. Plaintiff was employed by Defendants as a "New Home Specialist" which included working in the model home sales office answering phones, taking care of customers who visited models, following up with mortgage companies, following up with appraisers, following up with title companies, and taking care of main office needs.

28. Plaintiff's duties, as described above, are the performance of non-exempt work.

29. From his date of hire until termination, Defendants exerted control over Plaintiff by establishing what work he would perform.

30. From his date of hire until termination, Defendants exerted control over Plaintiff by establishing when the work would be performed.

31. From his date of hire until termination, Defendants exerted control over Plaintiff by establishing how the work would be performed.

32. From his date of hire until termination, Defendants exerted control over Plaintiff by establishing where the work would be performed.

33. Despite exercising the control alleged above, from the date of hire until termination, Defendants have classified Plaintiff as an independent contractor.

34. Plaintiff's services are integral to the success of Defendants' business operation.

6

35. From his date of hire until termination, Plaintiff routinely worked with knowledge of Defendants forty hours per week.

36. Despite working forty hours a week, there were weeks that Plaintiff worked without receiving minimum wage as required under the FLSA.

37. In 2012, for example, Plaintiff worked fourteen weeks without pay.

38. Defendants wrongfully withheld wages from Plaintiff by failing to pay minimum wage to Plaintiff for the hours Plaintiff worked.

39. The additional persons who may become plaintiffs in this action are new home specialists who held positions similarly situated to Plaintiff and who worked without receiving minimum wage during one or more work weeks during the relevant time periods.

40. Upon information and belief, the records concerning the number of hours worked and amounts paid to Plaintiff and any other similarly situated employees are in the possession and custody of Defendants and the amount of employees is numerous.

41. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful and knowing.

42. Defendant refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

## CLAIMS FOR RELIEF

### COUNT ONE

*(Breach of Contract)*

43. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

44. Defendants' actions as described herein constitute a breach of the contract between the parties.

45. Plaintiff suffered damages as a result of Defendants' failure to pay commissions that were admittedly owed in the amount of not less than $10,983.71, plus damages for all fees and costs incurred for instituting this action and other direct and consequential damages, in amounts to be proven at trial.

46. Because the action arises out of a failure to pay wages, Plaintiff is entitled to recover treble the amount in damages not less than $32,951.13, pursuant to A.R.S. § 23-355.

47. This action arises out of contract, and therefore, pursuant to A.R.S. § 12-341.01 Plaintiff is entitled to recover its reasonable attorneys' fees and costs incurred as a result of Defendants' breach of the parties' agreement.

**COUNT TWO**

*(Breach of Implied Covenant of Good Faith and Fair Dealing)*

48. Plaintiff incorporates by this reference the previous allegations.

49. The agreement between Plaintiff and Defendants includes an implied covenant of good faith and fair dealing, which imposes on both parties the duty not to do anything to impair the right of the other to receive the benefits that flow from their agreement or contractual relationship.

50. Defendants have materially breached the covenant of good faith and fair dealing.

51. Plaintiff has been damaged as a direct and proximate result of Defendants' breach of the covenant of good faith and fair dealing, which damages include, but are not

limited to, not less than $10,983.71, plus damages for all fees and costs incurred for instituting this action and other direct and consequential damages, in amounts to be proven at trial.

52. This matter arises out of contract, and Plaintiff is entitled to its attorneys' fees and costs of suit pursuant to the provisions of A.R.S. §12-341.01, *et seq.*

## COUNT THREE

### *(Unjust Enrichment)*

53. Plaintiff incorporates by this reference the previous allegations.

54. Defendants have been unjustly enriched, and Plaintiff unjustly impoverished, to the extent that Defendants have failed to pay Plaintiff for its services.

55. Plaintiff suffered damages as a result of this unjust enrichment in an amount to be proven at trial.

## COUNT FOUR

### *(Failure to Pay Minimum Wage – FLSA – 29 U.S.C. § 206)*

56. Plaintiff incorporates by this reference the previous allegations.

57. Defendants have intentionally failed and/or refused to pay Plaintiff and other new home specialists minimum wage according to the provisions of the FLSA.

58. Defendants' systems and practices relating to their non-payment of minimum wage to new home specialists have existed for at least two years throughout Defendants' business.

59. There are numerous similarly situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA and who would

benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit.

60. The similarly situated employees are numerous new home specialists who have the same or similar job description as Plaintiff and perform the same or similar job functions.

61. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records.  Specifically, all new home specialists and former new home specialists of Defendants who have been employed with Defendants, would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

62. Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff and all similarly situated employees and former employees in accordance with § 206 of the FLSA, as described in the previous paragraphs.

63. As a result of Defendants' violations of the FLSA, Plaintiff, as well as all others similarly situated, has suffered damages by failing to receive compensation in accordance with § 206 of the FLSA.

64. In addition to the amount of unpaid wages owed to Plaintiff and all similarly situated employees, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

65. Defendants' actions in failing to compensate Plaintiff, as well as all other similarly situated employees and former employees, in violation of the FLSA, were willful.

66. Defendants have not made a good faith effort to comply with the FLSA.

67. Plaintiff and all others similarly situated are also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

## COUNT FIVE

### *(Misclassification as Independent Contractor)*

68. Plaintiff incorporates by this reference the previous allegations.

69. Plaintiff's working relationship with Defendants as described above was as an employee.

70. Defendants misclassified Plaintiff as an independent contractor.

71. In addition to providing Defendants with presumed justification to violate the FLSA, the misclassification also allowed Defendants not to pay employment taxes, shifting the burden onto the Plaintiff in the form of self-employment taxes.

72. As a direct and proximate result of the misclassification, Plaintiff is entitled to compensation for payment of excess taxes and other lost benefits of the employer/employee relationship.

## COUNT SIX

### *(Declaratory Relief)*

73. Plaintiff incorporates by this reference the previous allegations.

74. Plaintiff and Defendants have a FLSA dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

75. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

76. Plaintiff may obtain declaratory relief.

77. Defendants employed Plaintiff and others similarly situated.

78. Defendants' business is an enterprise covered by the FLSA, as concerns its employer-employee relationship with Plaintiff and others similarly situated.

79. Plaintiff was individually covered by the FLSA.

80. Plaintiff and others similarly situated are entitled to minimum wage pursuant to 29 U.S.C. § 206.

81. Plaintiff and others similarly situated are entitled to an equal amount of liquidated damages as Defendants' policy of failing to pay minimum wage remain in effect.

82. The damages suffered by Plaintiff and others similarly situated are ongoing.

83. Plaintiff and others similarly situated will suffer future damages for which there is no adequate remedy at law.

84. Defendants did not rely on a good faith defense in their failure to abide by the provisions of the FLSA and failure to pay minimum wage.

85. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

86. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

## **PRAYER FOR RELIEF**

THEREFORE, Plaintiff prays the Court enter judgment against Defendants as follows:

A. Declaring, pursuant to 28 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA;

B. Awarding compensatory, incidental, and consequential damages in an amount to be proven at trial, but not less than the amounts described above;

C. Awarding Plaintiff minimum wage compensation in the amount due to him for all of the Plaintiff's time worked without receiving minimum wage;

D. Awarding Plaintiff liquidated damages in an amount equal to the minimum wage award;

E. Awarding Plaintiff's reasonable attorneys' fees and costs herein;

F. Awarding interest at the highest rate allowed by law from the earliest time permitted by law until the judgment is paid in full;

G. Granting Plaintiff an Order, on an expedited basis, allowing him to send Notice of this action, pursuant to 29 U.S.C. § 216(b), to those similarly situated to Plaintiff; and,

H. Ordering such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

RESPECTFULLY SUBMITTED this 16th day of July, 2013.

**GUNDERSON, DENTON & PETERSON, P.C.**

/s/ Brad A. Denton
Brad A. Denton
Sterling R. Peterson
1930 N. Arboleda Road, Suite 201
Mesa, AZ  85213
Attorneys for Plaintiff